# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HENRY STURGEON,<br><br>    Petitioner,<br><br>    v.<br><br>MICHAEL P. HUERTA,<br><br>    Respondent. | Case No. 1:13-cv-01318-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT RESPONDENT'S MOTION TO DISMISS BE GRANTED<br><br>ECF NO. 7<br><br>OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

On November 14, 2013, Respondent Michael P. Huerta ("Respondent") filed a motion to dismiss. (ECF No. 7.) The motion was referred to the undersigned magistrate judge for findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72. (ECF No. 9.)

For the reasons set forth below, the Court recommends that Respondent's motion to dismiss be granted.

**I.**

**BACKGROUND**

Petitioner Paul Henry Sturgeon ("Petitioner") filed a petition for review of the Federal Aviation Authority's ("FAA") suspension of Petitioner's private pilot's license. Petitioner's suspension arose from his failure to report a conviction for driving under the influence of alcohol to the FAA. Petitioner was arrested for the DUI on June 25, 2010. Petitioner's driver's license

1

1  was initially suspended by the California Department of Motor Vehicles, though the effective
2  date of the suspension was later changed to August 21, 2010.  On October 19, 2010, Petitioner
3  notified the FAA Civil Security Division about the suspension.  On November 4, 2010, the FAA
4  Civil Security Division sent a letter to Petitioner acknowledging the receipt of the report and
5  reminded Petitioner of his obligation to report any conviction.

6  On March 31, 2011, the FAA Civil Aerospace Medical Institute sent Petitioner a letter
7  requesting court documents, treatment records, a statement from Petitioner and a DMV print-out.
8  After Petitioner submitted the requested information, Petitioner received notice that he remained
9  eligible for a third-class medical certificate despite the DUI offense.

10 Petitioner was convicted for the DUI on April 11, 2012.  On May 23, 2012, Petitioner
11 sent a letter to the FAA Civil Aerospace Medical Institute reporting the conviction.

12 On September 17, 2012, Sonja King from the FAA Security and Investigations Division
13 sent a letter to Petitioner informing him that Petitioner was being investigated for failure to
14 report alcohol-related motor vehicle actions within 60 days.  On September 25, 2012, Petitioner
15 sent a response to Ms. King informing her that Petitioner already reported the DUI to the FAA.
16 However, Petitioner evidently failed to report the DUI conviction to the proper FAA division:
17 Petitioner reported to the Civil Aerospace Medical Institute instead of the Civil Security
18 Division.

19 On November 14, 2012, the FAA sent a Notice of Proposed Certificate Action informing
20 Petitioner of the FAA's intention to suspend Petitioner's Private Pilot Certificate for 30 days.
21 Petitioner, through counsel, argued that the proposed action should be dropped or reduced in
22 light of Petitioner's attempt to report the DUI to the FAA.  On January 10, 2013, the FAA
23 imposed a 15 day suspension.  Petitioner appealed the decision to an Administrative Law Judge
24 ("ALJ"), who reduced the suspension to ten days.

25 On August 19, 2013, Petitioner initiated the present action by filing his petition for
26 review.  On November 14, 2013, Respondent filed his motion to dismiss.  Respondent argues
27 that this action must be dismissed because Petitioner failed to exhaust his administrative
28 remedies prior to seeking judicial review.

## II.

## DISCUSSION

A.  **Exhaustion Requirement**

As an initial matter, the Court must determine whether administrative exhaustion applies in this context.  The doctrine of administrative exhaustion "provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'"  McKart v. U.S., 395 U.S. 185, 193 (1969) (quoting Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51 (1938)).

Respondent argues that exhaustion is required under the recently enacted Pilot's Bill of Rights, Pub. L. No. 112-153, 126 Stat. 1159 (2012).  The Pilot's Bill of Rights states:

> (d) APPEAL FROM CERTIFICATE ACTIONS.--
> (1) IN GENERAL.--Upon a decision by the National Transportation Safety Board ... imposing a punitive civil action or an emergency order of revocation under subsections (d) and (e) of section 44709 of such title, an individual substantially affected by an order of the Board may, at the individual's election, file an appeal in the United States district court in which the individual resides or in which the action in question occurred, or in the United States District Court for the District of Columbia.

Pilot's Bill of Rights, § 2(d)(1), Pub. L. No. 112-153, 126 Stat. 1159 (2012).

The Court is unable to find any authority within this circuit interpreting this recently enacted legislation.  However, one out-of-circuit district court, the District Court for the Middle District of North Carolina, held that this language imposes a statutory exhaustion requirement that is only satisfied by a decision by the full board of the National Transportation Safety Board ("NTSB"), and not by a decision by an ALJ.  Dexter v. Huerta, No. 1:12CV1147, 2013 WL 5355748, at *2 (M.D.N.C. Sept. 24, 2013).  The court noted that, prior to the enactment of the Pilot's Bill of Rights, courts required petitioners to exhaust their administrative remedies by pursuing their appeal to the full NTSB.  Dexter, 2013 WL 5355748 at *2; see also Cornish v. Blakey, 336 F.3d 749, 753 (8th Cir. 2003).

Petitioner does not dispute that, generally, the doctrine of administrative exhaustion would require an appeal to the full NTSB.  Further, Petitioner concedes that he did not appeal the ALJ's decision to the full NTSB.  Petitioner's sole contentions are that his failure to pursue an

3

appeal to the NTSB is excused because of (1) the NTSB's predetermination and bias toward the issue of substantial compliance, and (2) the issues presented in this action are purely legal.

The Court finds that, generally, the doctrine of administrative exhaustion requires Petitioner to pursue his administrative appeal to the full NTSB. The Court further finds that Petitioner did not pursue his appeal to the full NTSB. Accordingly, the Court will address whether Petitioner's failure to exhaust his administrative remedies was excused.

### B.    Predetermination and Bias

Petitioner contends that his failure to exhaust is excused because an appeal to the full NTSB would be futile. Courts have recognized exceptions to the exhaustion requirement when further administrative remedies are inadequate or not efficacious or when pursuit of administrative remedies would be a futile gesture. See Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004). However, Petitioner must present "[o]bjective and undisputed evidence of administrative bias [that] would render pursuit of an administrative remedy futile." Joint Bd. of Control of Flathead, Mission and Jocko Irr. Districts v. U.S., 862 F.2d 195, 200 (9th Cir. 1988) (citing White Mountain Apache Tribe v. Hodel, 840 F.2d 675, 677 (9th Cir. 1988)).. "Administrative review is not futile if the plaintiff's allegations of bias are purely speculative." Id. (citing United States v. Litton Industries, Inc., 462 F.2d 14, 18 (9th Cir. 1972)).

Petitioner contends that the NTSB's bias toward the substantial compliance doctrine is demonstrated by the decision in Hinson v. Smith.[1] The facts in Hinson are similar to the facts here. In Hinson, the petitioner's airman certificate was suspended for 20 days for failing to report a DUI conviction to the proper FAA division. Like Petitioner here, the petitioner in Hinson reported the conviction to the FAA's Aeromedical Certification Division, but did not report the conviction to the FAA's Security Division. The NTSB rejected the petitioner's argument regarding "substantial compliance":

> Even if substantial compliance were a valid defense, in this case we would not find that respondent substantially complied with § 61.16(e) because he did not submit any information, in any form,

---

[1] A copy of the NTSB's decision in Hinson v. Smith is attached to the original petition filed in this action. (ECF No. 1-11.)

to FAA's Security Division.

(ECF No. 1-11, at pg. 7.)

The Court finds that the NTSB's decision in Hinson v. Smith does not constitute evidence of predetermination or bias that excuses Petitioner's failure to exhaust his administrative remedies. The Court notes that the NTSB did not reject the substantial compliance doctrine in Hinson v. Smith. Instead, the NTSB stated that substantial compliance would not apply based upon the facts specific to that case. Moreover, in Hinson v. Smith, the NTSB ultimately ruled in favor of the petitioner. Even though the substantial compliance argument was rejected, the NTSB concluded that the FAA provided the petitioner with misleading information regarding the reporting requirements and overturned the license suspension. Accordingly, Petitioner cannot rely on Hinson v. Smith for the proposition that the NTSB has predetermined the license suspension issue against Petitioner.

Based upon the foregoing, the Court finds that Petitioner has not demonstrated that predetermination or bias excused his failure to exhaust his administrative remedies.

### C.    Purely Legal Issues

Petitioner argues that this action presents the purely legal questions of whether the doctrine of substantial compliance or the doctrine of entrapment by estoppel[2] apply as an affirmative defense to the FAA's administrative action. Petitioner argues that exhaustion is not required because the issue can be resolved without the need to defer to agency expertise.

However, this proceeding is not limited to purely legal questions. If substantial compliance or entrapment by estoppel applied, the Court would have to go further to determine if the facts specific to this case triggered the operation of either doctrine. The Court would have to determine whether Petitioner's actions constitute substantial compliance or whether FAA officials misled Petitioner into thinking that he had satisfied the reporting requirements. Agency expertise would be helpful in developing the facts, because the agency would be in the best position to develop facts, such as whether reporting a DUI conviction to the Civil Aerospace

---

[2] "Entrapment by estoppel is the unintentional entrapment by an official who mistakenly misleads a person into a violation of the law." U.S. v. Ramirez-Valencia, 202 F.3d 1106, 1109 (9th Cir. 2000).

5

1 Medical Institute can be deemed equivalent to reporting to the Civil Security Division, or
2 determine what information was given by FAA officials to Petitioner.

3 Further, in the NTSB case provided by Petitioner, <u>Hinson v. Smith</u>, the NTSB appeared
4 to accept the entrapment by estoppel defense in reversing the suspension of a pilot's certification
5 because the information provided by FAA to the petitioner misled him regarding the reporting
6 requirements.  Since the FAA has already recognized this defense in a prior action, the issue
7 raised in an appeal to the NTSB would not be purely legal, it would be factual, i.e., whether the
8 facts of Petitioner's case warrant the application of the same defense.

9 Based upon the foregoing, Petitioner has not demonstrated that exhaustion should be
10 excused because this action only presents a purely legal question.

### III.

### CONCLUSION AND RECOMMENDATION

13 Based upon the foregoing, the Court finds that Petitioner failed to exhaust his
14 administrative remedies prior to filing the present petition because Petitioner failed to appeal the
15 ALJ's decision to the full NTSB.  The Court further finds that Petitioner's failure to exhaust was
16 not excused.

17 Accordingly, it is HEREBY RECOMMENDED that Respondent's motion to dismiss be
18 GRANTED and Petitioner's petition for review be DISMISSED.

19 These Findings and Recommendations are submitted to the United States District Judge
20 assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the
21 Local Rules of Practice for the United States District Court, Eastern District of California.

22 //
23 //
24 //
25 //
26 //
27 //
28 //

Within fourteen (14) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **December 16, 2013**

UNITED STATES MAGISTRATE JUDGE